**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

THE LUNKENHEIMER COMPANY, *et al.*,

Plaintiffs,

v.

TYCO FLOW CONTROL PACIFIC PTY LTD, *et al.*,

Defendants.

TYCO FLOW CONTROL PACIFIC PTY LTD,

Counterclaim Plaintiff,

v.

THE LUNKENHEIMER COMPANY INC., *et al.*,

Counterclaim Defendants.

CASE NO. 1:11CV 824-TSB-KLL

DISTRICT JUDGE BLACK

**STIPULATED PROTECTIVE ORDER**

Tyco Flow Control Pacific Pty Ltd, Tyco Valves & Controls LP, TV&C GP Holding, LLC, and Cincinnati Valve Company (the "Stipulating Parties")[1] having determined that certain information and documents pertaining to the Stipulating Parties have been and will be requested during discovery and that certain of such documents and/or information may contain highly confidential, non-public trade secret or proprietary, technical, commercial, financial, marketing, customer, or competitive information and should be kept confidential in order to protect the legitimate business interests of the Stipulating Parties; and the Stipulating

[1] While the present Stipulated Protective Order is hereby agreed to by Tyco Flow Control Pacific Pty Ltd, Tyco Valves & Controls LP, TV&C GP Holding, LLC, and Cincinnati Valve Company, this Order may be extended to any of the Plaintiffs and/or other Counterclaim Defendants, in the event that an Entry of Appearance is filed by Counsel and the terms of this Stipulated Protective Order is expressly acknowledged by filing with the Court.

Parties having recognized that the entry of a protective order is necessary in order to permit the discovery of the requested information and documents without breaching the confidentiality thereof; and the Stipulating Parties having agreed to the entry of the Stipulated Protective Order contained herein; and the Court having considered the matter, and for good cause shown,

IT IS THEREFORE ORDERED that the following provisions shall govern documents and information produced in discovery in this litigation:

A. **Disclosure of "Protected Discovery Materials"**

1. Each Stipulating Party or non-Party producing person (or entity) shall have the right to designate in good faith any document or information that contains confidential, non-public trade secret or proprietary, technical, commercial, financial, marketing, customer, or competitive information, as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY". "CONFIDENTIAL" and "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information shall be collectively referred to herein as "Protected Discovery Materials."

2. "CONFIDENTIAL" Documents and Information. Documents and any other information produced by a Stipulating Party or non-Party person (or entity) that are designated "CONFIDENTIAL" shall be used solely for and exclusively for purposes of this case. Examples of documents to be marked "CONFIDENTIAL" include, but are not limited to, financial information, marketing and sales information, business plans, product plans and/or technical information. Such information shall not be used in or for any other cases, proceedings, or disputes, or for any commercial, business, competitive, or any other purpose whatsoever, and shall not be disclosed, revealed or given to anyone except:

a. Attorneys of record for the Stipulating Parties to this Action, including partners and associates in any law firm presently appearing of record in this Action, employees of any law firm presently appearing of record in this Action, clerical and paralegal



#17177654 v1

employees of such law firms whose functions require access to such information, and court reporters (during depositions and/or trial), as well as outside copying and scanning services and demonstrative exhibit providers;

b. Independent experts retained by any Stipulating Party for purposes of assisting the Stipulating Parties and their attorneys in the preparation and presentation of the claims or defenses in this case, subject to the provisions of Paragraphs 4 through 7 hereof;

c. Persons to whom copies thereof were addressed or delivered as disclosed on the face of the document; and

d. The Stipulating Party in this Action and other Stipulating Party employees whose functions in supporting this litigation require access to such information.

3. <u>"CONFIDENTIAL—ATTORNEYS' EYES ONLY" Documents and Information.</u> Documents and any other information produced by a Stipulating Party or a non-Party person (or entity) that are designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be used solely for and exclusively for the purposes of this case, and such documents and information shall not be used in or for any other cases, proceeding, or disputes or for any commercial, business, competitive or other purpose whatsoever and shall not be disclosed, revealed or given to anyone except those persons described in Paragraphs 2.a through 2.c above. Under no circumstances shall such information be disclosed to any persons described in Paragraph 2.d above. Each Stipulating Party or non-Party producing documents and/or information in this litigation shall have the right to designate in good faith any document or information which contains trade secrets or other highly sensitive research, development, production, commercial or business information (including but not limited to product information, corporate planning documents, strategic planning documents, documents that reveal

market or customer analyses, customer lists, competitive strategy, pricing, research and development documents, financial statements and other financial or budgetary documents) and any other information that might reasonably be of value to an opposing party, or might reasonably pose a commercial disadvantage to the producing party or producing nonparty, the disclosure of which to the other Stipulating Parties to this Action would be likely to compromise the disclosing Stipulating Party's legitimate business and competitive interest as "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

4. Designation of Protected Discovery Materials. In the case of documents, designation shall be made prior to production by placing the words "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," or words to that effect, on each page containing confidential information. Documents may be produced for inspection before being marked "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY". Once specific documents have been designated for copying, any documents containing Protected Discovery Material will then be marked "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" after copying, but before delivery to the Stipulating Party that inspected and designated the documents. The inspection of Protected Discovery Materials before they are copied and marked "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to this procedure shall not constitute a waiver of confidentiality.

5. Restrictions on Disclosure of Protected Discovery Materials. Any person furnished with a copy of any Protected Discovery Materials produced in this litigation or information disclosed in connection with this litigation and covered by this Protective Order shall be given first a copy of this Protective Order by an attorney of record and shall be required to read it and be bound by its terms. Any person furnished with a copy of any document produced in this litigation and covered by this Protective Order who is permitted access to

Protected Discovery Materials under Paragraph 2.b shall execute the Declaration attached hereto as Exhibit "A." It shall be the responsibility of counsel and/or the Stipulating Parties providing access to such Protected Discovery Material to give each person to whom Protected Discovery Material is disclosed a copy of this Protective Order.

6. Disclosure of Expert Declarations - Counsel or the Stipulating Party disclosing Protected Discovery Material to persons pursuant to the provisions of this Protective Order shall be responsible for maintaining a file of executed Declarations and, except for independent experts or consultants permitted disclosure pursuant to Paragraph 2.b, the Stipulating Parties shall not be required to disclose the identities of persons executing such Declarations; however, counsel shall make all such Declarations available, upon request, in the event that there is a good faith concern that a violation of this Order has occurred. Copies of Declarations executed by experts testifying at Trial shall be provided to the producing Stipulating Party at the time expert disclosures are required by the Court.

7. Expert Disclosure - The disclosure of Protected Discovery Materials to an expert or consultant is subject to the following restrictions:

a. Any Stipulating Party proposing to disclose Protected Discovery Materials to an expert or consultant shall, before disclosure, submit a statement to counsel for the producing Stipulating Party describing all employment of or consulting by the expert during the last fifteen (15) years, including a summary of the work performed, and a list of the Protected Discovery Materials to be disclosed to that expert or consultant. Unless counsel for the producing Stipulating Party notifies counsel for the Stipulating Party seeking to disclose Protected Discovery Materials of his/her or its intention to object to the production of such Protected Discovery Materials to the disclosed consultant or expert, including the grounds for the

objection, within ten (10) days after submission of the statement, counsel may disclose Protected Discovery Materials to that person.

b. Pending the resolution of any objections, the requesting Stipulating Party shall not disclose Protected Discovery Materials to the consultant or expert. If the requesting Stipulating Party and the producing Stipulating Party are not able to resolve the producing Stipulating Party's objections within twenty (20) days (or such extended period agreed to between the producing Stipulating Party and the requesting Stipulating Party), then the producing Stipulating Party shall have the obligation to file a motion with the Court to obtain a ruling on his/her or its objections. The Stipulating Party seeking to disclose Protected Discovery Materials shall not make any disclosure pending resolution by the Court.

8. No Admission - Nothing in this Order shall operate as a concession by any Stipulating Party that any documents or information designated by any other Stipulating Party or person as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated. Any Stipulating Party may, at any time, claim or move for additional protection or move for relief from the provisions of this Protective Order with respect to specific documents or information.

9. Protection of Documents - Counsel shall maintain "CONFIDENTIAL" and/or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information in a secure and appropriate manner so as to allow access to such information only to such persons as permitted by Paragraphs 2 and 3, above.

10. Jurisdiction - Each person to whom disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents or information is made pursuant

to the terms of this Protective Order shall be subject to the jurisdiction of this Court for the purpose of enforcement in the event of any violation of this Order.

B. **Disputes Regarding Designation**

1. A Stipulating Party shall not be obligated to challenge the propriety of the designation of documents or information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the time the designation is made, and failure to do so shall not preclude a subsequent challenge. If a Stipulating Party disputes the designation of a document as "CONFIDENTIAL-ATTORNEY EYES" it shall advise counsel for the producing Stipulating Party or non-Party producing person (or entity) in writing as soon as practicable under the circumstances. If a Stipulating Party challenges a designation, it shall give notice to the designator, and the Stipulating Parties thereafter shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designator or the challenging Stipulating Party may apply for a ruling from the Court. The documents or information at issue shall continue to be treated as designated until the Court orders otherwise.

C. **Subpoena or Other Discovery Requests Seeking Protected Discovery Materials**

1. If any Stipulating Party or person that has obtained Protected Discovery Materials pursuant to the terms of this Order receives a subpoena or other discovery request commanding the production of any such documents or information, such Stipulating Party or person shall promptly notify the Stipulating Party or person that designated the information or documents as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" of the service of the subpoena or request.

2. If the Stipulating Party or person that designated the information or documents as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" objects to the production of the Protected Discovery Materials, the Stipulating Party or person receiving the subpoena or request shall object to the production of the Protected Discovery Materials pursuant to the Federal Rules of Civil Procedure or any applicable rule or statute, whereupon the Stipulating Party or person that designated the information or documents as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall bear the burden of defending any subsequent motion to enforce the subpoena or request.

3. If the subpoena is issued from a court that does not permit objections similar to those permitted by the Federal Rules of Civil Procedure, and the Stipulating Party or person that designated the information or documents as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" moves to quash the subpoena or request or takes other appropriate steps to seek relief from the obligations imposed by the subpoena or request prior to the date designated in the subpoena or request for production of the documents or other information, and promptly notifies the Stipulating Party or person that received the subpoena or request in writing of the action taken, the Stipulating Party or person receiving the subpoena or request shall not produce any Protected Discovery Materials in response to the subpoena or request pending a ruling on the request for relief unless expressly required to produce such Protected Discovery Materials pursuant to Court Order.

D. **Return of Documents**

1. The provisions of this Order shall not terminate at the conclusion of this Action (including any appeal). Upon completion of this litigation, including any appeals (and/or the expiration of the time to appeal without an appeal having been taken or sought), documents and other materials produced in this litigation designated as "CONFIDENTIAL" or

"CONFIDENTIAL—ATTORNEYS' EYES ONLY" and all copies thereof (except for any document marked as an exhibit at trial) shall: (a) be returned to the attorneys for the producing Stipulating Party or non-Party producing person (or entity), or (b) be destroyed and certified by affidavit as having been destroyed by the Stipulating Party making the destruction. Notwithstanding the foregoing, counsel of record only may retain any submissions to the Court, privileged communications or attorney work product containing "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" documents or information, subject to the provisions of this Protective Order.

E. **Depositions**

1. Protected Discovery Materials produced during a deposition shall be orally noted as such by the producing or offering party at the outset of any discussion of the document or information contained in the document. In addition, the documents must be prominently stamped or marked with their appropriate designation. All deposition transcripts taken in this Action, as well as their respective exhibits and attachments, shall be deemed "CONFIDENTIAL—ATTORNEYS' EYES ONLY" for thirty (30) days after receipt of a copy of said deposition transcript by counsel of record for the person who was deposed. During that 30-day period, either party may designate the portions of the transcript and any specific exhibits or attachments that are to be treated as Protected Discovery Materials by electing the appropriate designation from Paragraphs 2 and 3. If no such designations are made, then the entire transcript and exhibits shall not be deemed to contain "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information as those terms are used in this Protective Order.

F. **Use of Protected Discovery Materials at Trial**

1. All materials containing "CONFIDENTIAL" and/or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information that are submitted to the Court or used in any pretrial

proceeding before this Court, shall remain "CONFIDENTIAL" and/or "CONFIDENTIAL—ATTORNEYS' EYES ONLY", provided the Stipulating Parties request that the Clerk of Court maintain the confidentiality of such information or materials and limit access to (a) the Court; (b) court personnel; and (c) counsel for the Stipulating Parties in this litigation.

2. Subject to the Federal Rules of Evidence, Protected Discovery Materials may be offered in evidence at trial or any or any court hearing in open court, provided that the proponent of the evidence gives to counsel for the Stipulating Party or person that designated the document or information "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" three (3) days notice or, if three (3) days notice is not practicable under the circumstances, the best notice possible. Any producing Stipulating Party or non-Party producing person (or entity) may move the Court for an order that the evidence is to be received under conditions to prevent its disclosure to persons not entitled under this Order to have access to it. The Court shall determine whether the proffered evidence should continue to be treated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" and, if so, what protection, if any, should be afforded to such evidence at the trial or hearing. Nothing in this Order shall operate as an admission by any Stipulating Party that any particular discovery material is, or is not, admissible in evidence in this Action.

3. Nothing in this Order precludes the Stipulating Parties from introducing Protected Discovery Materials into evidence at any hearing in this case, from referring or relying on them in proceedings associated with this case, or from making any objection to the admissibility of these documents.

4. The Court retains jurisdiction, both before and after the entry of final judgment in this case (whether by settlement or litigation) to construe, enforce and/or amend the provisions of this Order.

G. **Filing Under Seal**

1. Any "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" documents, and any documents containing or referring to "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information (including, without limitation, deposition transcripts, exhibits, memoranda of law, and affidavits), if filed, shall be filed Under Seal with the Clerk's Office, as long as the documents or information retain their status as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY." Documents to be filed Under Seal with the Clerk of Court, shall follow the procedures required under Local Rule 79.3 of the United States District Court for the Southern District of Ohio.

H. **Inadvertent Disclosure**

1. If a Stipulating Party or person (or entity) determines that it inadvertently failed to designate, or needs to reclassify, documents or materials as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," it may do so by giving written notice to all Stipulating Parties of the new designation. All persons who are in possession of such after-production designated or re-designated materials, and who are not within the category of persons who may possess such materials, shall promptly return all known copies of any such documents to the designator or to a person who is within a category of persons who may possess such materials. Such after-production designated or re-designated materials shall be treated pursuant to the provisions of this Order as having been designated prior to production. After the return of the documents, the designation may be challenged by the returning Stipulating Party pursuant to the terms of this Order, without regard to the fact that any such document has been re-designated or produced without first being designated. Inadvertent production of documents subject to any privilege or work-product immunity shall not constitute a waiver in whole or in part of the privilege or immunity provided that the producing person notifies the Stipulating Parties in

writing of such inadvertent production within ten (10) business days after the discovery of the inadvertent production. Such inadvertently produced documents and all copies thereof shall be returned to the producing person upon request within five (5) business days. No use may be made of inadvertently produced documents subsequent to the request to return them. Nothing in this Protective Order shall limit the Stipulating Parties from requesting that the Court order the production of any such inadvertently produced documents. Nothing in this Protective Order prevents any producing person from petitioning the Court for return of later-discovered, inadvertently produced documents that are subject to a privilege or immunity.

2. A breach of the provisions of this Order shall subject the individual or individuals to sanctions in the discretion of the Court, as authorized by any statute, rule or inherent power of the Court, or as otherwise provided by law.

3. The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment in this case, including any appellate proceedings, whether by settlement or litigation.

I. **Objections**

1. No Party shall be deemed by the entry of this Protective Order to have waived any objection to the production of any document on any grounds, or to have waived any other right, defense or objection that may otherwise be interposed in this Action.

J. **Amendments**

1. Nothing in this Protective Order shall be deemed to prevent any Stipulating Party or other person from seeking amendments hereto, by consent or through the Court.

K. **Trial or Other Proceedings**

1. Notwithstanding anything hereinabove, nothing contained herein shall protect from or prevent public disclosure of any documents or information provided or exchanged in this litigation at Trial or in any public proceeding in this case, unless otherwise specifically ordered by the Court.

Respectfully submitted,

/ s / John C. Hansberry
John C. Hansberry, (Ohio Reg. 0065673)
PEPPER HAMILTON LLP
500 Grant Street, 50th Floor
Pittsburgh, PA 15218-2502
(412) 454-5000
(412) 281-0717 (fax)
Email: hansberj@pepperlaw.com

M. Kelly Tillery*
Christopher D. Olszyk, Jr.*
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
(215) 981-4000
(215) 981-4750 (fax)
Email: tilleryk@pepperlaw.com
olszykc@pepperlaw.com
*Admitted *Pro Hac Vice*

*Counsel for Defendants Tyco Flow Control Pacific Pty Ltd., Tyco Valves & Controls LP, and TV&C GP Holding, LLC* <u>*and*</u> *Counterclaim Plaintiff Tyco Flow Control Pacific Pty Ltd*

Respectfully submitted,

/ s / Gary F. Franke
Gary F. Franke, (Ohio Reg. 0029793)
GARY F. FRANKE CO., L.P.A.
120 East 4th Street - Suite 1040
Cincinnati, OH 45202
(513) 564-9222
(513) 564-9990 (fax)
Email: gff@garyfrankelaw.com

*Counsel for Counterclaim Defendant Cincinnati Valve Company*

IT IS SO ORDERED this 3rd day January, 2013.

Timothy S. Black
Timothy S. Black, U.S.D.J.



#17177654 v1

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

THE LUNKENHEIMER COMPANY, *et al.*,

Plaintiffs,

v.

TYCO FLOW CONTROL PACIFIC PTY LTD, *et al.*,

Defendants.

---

TYCO FLOW CONTROL PACIFIC PTY LTD,

Counterclaim Plaintiff,

v.

THE LUNKENHEIMER COMPANY INC., *et al.*,

Counterclaim Defendants.

---

CASE NO. 1:11CV 824-TSB-KLL

DISTRICT JUDGE BLACK

**DECLARATION OF COMPLIANCE WITH STIPULATED PROTECTIVE ORDER**

I, ____________________________ being of full age, duly sworn, deposes and says:

1. I reside at ______________________________________________. I am employed by ______________________________________________________________.

2. I have been given a copy of the Stipulated Protective Order in this case dated ________________, 2012, which is annexed hereto.

3. I have read such Stipulated Protective Order, and understand its terms and provisions.

4. I agree to be bound by the terms and provisions of such Stipulated Protective Order and hereby consent to the exercise of personal jurisdiction by the United States District

Court for the Southern District of Ohio, for the purposes of enforcement of, and sanctions under, such Stipulated Protective Order. I understand that unauthorized disclosure of confidential documents or information may be punished as a contempt of Court.

5. I further understand and acknowledge that this Declaration is a necessary condition to my receipt of "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" documents or information under such Stipulated Protective Order and that such material could not be disclosed to me unless I signed and agreed to the terms of this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: ________ Signature: ____________________________