IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE LUNKENHEIMER COMPANY et al., | Case No. 1:11-cv-824 |
| Plaintiffs, | Judge Black |
| v. | Magistrate Judge Litkovitz |
| PENTAIR FLOW CONTROL PACIFIC PTY LIMITED, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO DISMISS AMENDED COUNTERCLAIMS ON BEHALF OF PLAINTIFFS/COUNTERCLAIM DEFENDANTS DR. BERNARD De SILVA, LUNKENHEIMER COMPANY, INC., LUNKENHEIMER COMPANY, LTD., CONFLOW MANUFACTURING, INC., LUNKENHEIMER-ENERGOVALVES, INC., CONSOLIDATED VALVES, LTD, USWATTA PARTNERS, LLC, AND THE ESTATE OF SHEILA De SILVA**

Plaintiffs/Counterclaim Defendants Dr. Bernard De Silva, Lunkenheimer Company, Inc., Lunkenheimer Company, Ltd., Conflow Manufacturing, Inc., Lunkenheimer-Energovalves, Inc., Consolidated Valves, Ltd. Uswatta Partners, LLC, and the Estate of Sheila De Silva (collectively "the De Silva Movants"), through counsel, ask leave of the Court to file this, their Memorandum in Support of the Joint Motion of Intervenor/Counterclaim Defendant Nilmini Klur ("Klur") to Dismiss the Amended Counterclaims of Defendant/ Counterclaim Plaintiff Pentair Flow Control Pacific PTY ("PFCP"), R. Dkt. 121, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.

## INTRODUCTION

The Court, by its minute entry order of July 18, 2014, has graciously permitted the De Silva Movants to join in the Motion to Dismiss Amended Counterclaims filed on behalf of Intervenor/Counterclaim Defendant Klur (hereinafter "the Joint Motion to Dismiss"), R. Dkt. 121. While the Court's earlier order of June 28, 2014, R. Dkt. 123, was pending, counsel for the De Silva Movants was preparing his own Motion to Dismiss, which amplified on his earlier motion to join in the Motion to Dismiss. In the interests of Judicial economy, the De Silva Movants offer in summary fashion some additional authority supporting the arguments already submitted in support of the Joint Motion.[1]

## ARGUMENT

The De Silva Movants agree with Klur that PFCP, to achieve some purpose of which only it is aware, has attempted to convert a straightforward claim of breach of a license contract into a case of such complexity that it will require vast amounts of discovery and trial time to sort out, unless the Amended Counterclaims are removed from the case. That said, the Amended Counterclaims are legally deficient. Thus, the De Silva Movants, pursuant to Federal Rule of Civil Procedure 10(c), join in the following arguments in the Klur

---

[1] PFCP has replied to the Motion to Dismiss as if the DeSilva Movants were parties to it. Opp'n of PFCP to Mot. to Dismiss ("Opp'n") 19 n.10, R. Dkt. 126 ("[T]o the extent BERNARD DESILVA and his entities 'join' in KLUR's Motion to Dismiss, the arguments are addressed."); see id. at 21 (the argument is addressed explicitly to "Bernard DeSilva, Lunkenheimer, Inc., and CVL").

Memorandum in Support of Motion to Dismiss Amended Counterclaims ("the Klur Memorandum").

The Klur Memorandum at page 4 correctly states the standard for evaluating a motion to dismiss as being governed by *Iqbal/Twombley*. *Denkins v. Mohr*, No. 2:13- cv-584, 2014 WL 806370, at *1 (S.D. Ohio Feb. 28, 2014).

The De Silva Movants join in the argument of the Klur Memorandum at pages 5 to 7. The interpretation of the terms of a contract is a question of law for the Court. *See Dynamics Research Corp. v. Ohio Dep't of Job & Family Servs.*, 2014-Ohio-516, 8 N.E.3d 380, ¶ 26 (10th Dist.) ("Contract interpretation is a matter of law . . . . When construing the terms of a contract, a court's principal objective is to determine the intent of the parties. The parties' intent usually resides in the language the parties chose to use in the contract. When that language is clear, courts look no further than the contract to find the intent of the parties." (citations omitted)).

As the nonbreaching party, the De Silva Movants are entitled to treat the contract as having been rescinded or affirm the contract and sue for damages for its breach. *See Automated Solutions Corp. v. Paragon Data Sys., Inc.*, 167 Ohio App. 3d 685, 2006-Ohio-3492, 856 N.E.2d 1008, ¶ 46 (8th Dist.) ("If the events had unfolded according to the hardware company's version of the facts, then its assertions would be true. However, when it announced it would no longer perform under the contract, the hardware company, rather than the software company, was the party that breached the contract. Therefore, it was the software company that had the option of deciding whether to enforce the contract. As the Second District Court of Appeals noted in *Wilson v. Kreusch* (1996), 111 Ohio App. 3d 47,

56, 675 N.E.2d 571, the nonbreaching party 'may either treat the contract as terminated and rescind it and pursue the remedy that such rescission entitles him to, or he may sue for damages for a breach of the contract.'").

The De Silva Movants join in the argument of the Klur Memorandum at pages 7 to 9. The Amended Counterclaims are time-barred on their face. *Abercrombie & Fitch v. Fashion Shops of Ky.*, 363 F. Supp. 2d 952, 967 (S.D. Ohio 2005). PFCP is trying to confuse the issue by claiming that the law of multiple jurisdictions may apply. They do not. Only the law of New South Wales, or perhaps Ohio, governs limitations in this case. While issues of limitations sometimes are not resolved at the motion to dismiss phase, where, as here, the bar of limitations is clear from the face of the Amended Counterclaims, the claims are vulnerable to dismissal. *Allen v. Andersen Windows, Inc.*, 913 F. Supp. 2d 490, 500 (S.D. Ohio 2012) ("Dismissal under Fed. R. Civ. P. 12(b)(6) based on a statute-of-limitations bar is appropriate when the complaint shows conclusively on its face that the action is indeed time-barred.").

The Amended Counterclaims are not revived by the Plaintiffs' having filed suit, since the Amended Counterclaims were time-barred at the time suit was filed originally. *PAETEC Commc'ns, Inc. v. MCI Commc'ns Servs.*, 712 F. Supp. 2d 405, 418 (E.D. Pa. 2010) ("[I]f defendant's claim already is barred when plaintiff brings suit, the notion of tolling the statute is inapplicable and the fact that the tardily asserted claim is a compulsory counterclaim does not serve to revive defendant's right to assert it." (quoting 6 Charles A. Wright et al., *Federal Practice and Procedure* § 1419 (2d ed. 2010))).

The counterclaim for promissory estoppel, even if treated as a contract claim and thus subject to the six-year period of limitations, *see Executone of Columbus, Inc. v. Inter-Tel,*

*Inc.*, 665 F. Supp. 2d 899, 914 (S.D. Ohio 2009) ("Plaintiffs conclude that they have sufficiently plead the elements of a promissory estoppel claim, and therefore, their claims are governed by the six-year statute of limitations period set forth in O.R.C. § 2305.07. The Court agrees with Plaintiffs." (citation omitted)), is still time-barred and was time-barred when suit was originally filed in this case.

The De Silva Movants join in the argument of the Klur Memorandum at pages 9 to 11. The claims are barred by principles of waiver and laches, even if they were asserted within the period of limitations, since the De Silva Movants have been prejudiced by the delay occasioned by PFCP in asserting these Amended Counterclaims. *Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 411 (6th Cir. 2002) ("[*A*]*ny* prejudice [from the delay in asserting a claim] is sufficient [to constitute laches], including an increase in potential damages or a loss of evidence." (court's emphasis)).

The De Silva Movants join in the argument of the Klur Memorandum at pages 11 to13. Contracts of indemnity are interpreted in light of the objective sought to be achieved by the parties. *See Papatheodorou v. Clark*, 781 F. Supp. 2d 582, 586 (N.D. Ohio 2011) ("Indemnification agreements are generally enforced in Ohio unless enforcing them would be against public policy. Courts interpret indemnity agreements the same way they interpret contracts." (citations omitted)).

Here, PFCP's assertion of the right of indemnity is far too broad. The right of indemnification could be invoked if, and only if, a claim of infringement were brought against PFCP by a third party. Instead, this case involves a dispute between the parties to the license agreement. PFCP has no claim of indemnification against a party to the license. If it

had any claim at all, it would be for breach of the contract, not for indemnification. *Worth v. Aetna Cas. & Sur. Co.*, 32 Ohio St. 3d 238, 240, 513 N.E.2d 253, 256 (1987) ("Indemnity arises from contract, either express or implied, and is the right of a person, who has been compelled to pay what another should have paid, to require complete reimbursement.").

The De Silva Movants join in the argument of the Klur Memorandum at pages 13 to 16. Wholly apart from the fact that the counterclaim is time-barred, the claim of unjust enrichment cannot be sustained because it is precluded by the license contract between the parties. *Transp. Ins. Co. v. Busy Beaver Bldg. Ctrs., Inc.*, 969 F. Supp. 2d 875, 891 (S.D. Ohio 2013) ("Where there is a specific contract governing the relationship of the parties, the doctrine of unjust enrichment does not apply."); *Yazdian v. ConMed Endoscopic Techs., Inc.*, No. 1:12-CV-951, 2014 WL 2931856, at *12 (S.D. Ohio June 30, 2014) ("Under Ohio law, a plaintiff cannot assert an unjust enrichment claim when a written agreement between the parties covers the same subject matter.").

The De Silva Movants join in the argument of the Klur Memorandum at pages 16 to 18. *Shonac Corp. v. AMKO Int'l, Inc.*, 763 F. Supp. 919, 931 (S.D. Ohio 1991) ("[I]f, as here, the subject matter of a case is a trademark, then the plaintiff must have some discernible interest in the mark in order to have a reasonable interest and therefore standing to sue under § 43(a) [15 U.S.C. § 1125(a)]. Because Shonac has no interest whatsoever in the trademarks that are the subject matter of this case, it lacks standing to sue under § 43(a)."). At most, PFCP is a licensee, and a licensee does not have standing to bring a Lanham Act infringement claim. *Prince of Peace Enters. v. Top Quality Food Mkt.*, 760 F. Supp. 2d 384, 391 (S.D.N.Y. 2011) ("The A & C defendants argue that POP lacks standing to bring its

federal infringement claim because it is not the assignee of the Marks. They are correct. Section 32(1) of the Lanham Act allows only a 'registrant' to bring a civil action under that section for any of the forms of trademark infringement made unlawful therein. 15 U.S.C. § 1114(1)[.]"); *MPC Franchise, LLC v. Tarntino*, No. 11-CV-6310 CJS, 2014 WL 1920531, at *13 (W.D.N.Y. May 14, 2014) ("The Court agrees that Plaintiffs, as non-exclusive licensees, lack standing to pursue claims concerning ownership or infringement of TruFoods' registered mark. In that regard, the Second Circuit recently clarified that licensees do not have statutory standing to pursue infringement claims under 15 U.S.C. § 1114."). A similar requirement applies under Ohio law. *See Am. Family Life Ins. Co. v. Hagan*, 266 F. Supp. 2d 682, 689 (N.D. Ohio 2002).

PFCP recognizes as much when it asserts that "[t]he ownership of the Lunkenheimer Intellectual Property is the crux of this case." Opp'n 8. Unless it can establish an ownership interest in the property at issue, which right of ownership is contradicted by the terms of the license, it cannot prevail on any of its Amended Counterclaims.

The De Silva Movants join in the argument of the Klur Memorandum at pages 18 to 20. PFCP is doing no more than recasting its contract claims as claims for promissory estoppel. The claims are redundant. *Johansen v. Ohio Dep't of Mental Health*, 10th Dist. Franklin No. 12AP-39, 2012-Ohio-4834, ¶ 12 ("A plaintiff bringing a promissory estoppel claim must show: (1) a clear and unambiguous promise; (2) reasonable and foreseeable reliance by the plaintiff on that promise; and (3) injury proximately resulting from that reliance. Where the parties enter into a written contract after the alleged promise is made, such oral statements will not give rise to a promissory estoppel claim if the written contract

covers the same subject matter." (citation omitted)). It is not simply a matter of pleading in the alternative. The existence of the contract to which PFCP is a party precludes its promissory estoppel claim. It either must prevail on its contract claim or not at all.

WHEREFORE, the De Silva Movants move that the Klur Joint Motion to Dismiss Amended Counterclaims be granted as to all Counterclaim Defendants because the Amended Counterclaims state no basis upon which relief may be granted.

Respectfully submitted,

/s/ Firooz T. Namei
Firooz T. Namei (0018615)
McKinney & Namei Co., LPA
*Ratio et Fides*
15 East Eighth Street
Cincinnati, Ohio 45202-2087
Telephone: (513) 721-0200
Facsimile: (513) 632-5898
Email: firooz.namei@nameilaw.com

Attorney for Movants

## CERTIFICATE OF SERVICE

I hereby certify that on July 25th, 2014, I filed the foregoing Memorandum electronically by utilizing the Court's electronic filing system, which will serve copies on all counsel, who can also access the document through the system.

/s/ Firooz T. Namei
Firooz T. Namei